UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASEFIELD AG and MASEFIELD LTD.,

Plaintiffs,

- against -

COLONIAL OIL INDUSTRIES, INC.,

Defendant.



**MEMORANDUM ORDER**

05 Civ. 2231 (PKL)

**LEISURE, District Judge:**

Defendant, Colonial Oil Industries, Inc., files a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, seeks to stay the action pending the outcome of an underlying arbitration proceeding. Plaintiffs' action stems from an alleged breach of contract for which defendant has sought arbitral relief before the International Chamber of Commerce (the "ICC"). The factual and procedural history of the case is set forth in the Court's Opinion and Order dated April 18, 2005 (the "Order"), with which the Court assumes familiarity. However, the Court will review certain aspects of the history to the extent necessary to resolve the present motion.

Defendant, a large oil distributor, entered into a purchase agreement (the "Contract") with Masefield America ("MA"), a non-party affiliate of plaintiffs, in September 2003, which provided that MA would sell a certain amount of fuel oil to defendant each month for a one year period. The Contract contained an arbitration provision, which required that any disputes arising between the parties should be resolved under the rules of the ICC by a three-member arbitration panel appointed by the parties. On October 29, 2004, defendant filed a demand for arbitration with the ICC, claiming that MA and plaintiffs defaulted on the Contract by failing to deliver fuel oil during the final two months of the Contract period. In submissions to the ICC, plaintiffs

1

argued that they were not parties to any arbitration agreement with defendant, should not be included as respondents in the arbitration, and are not subject to ICC jurisdiction.

On January 31, 2005, the ICC informed plaintiffs that it was referring the threshold issue of arbitrability to a three-member arbitration panel to be formed by the ICC. As a result, plaintiffs filed the instant action seeking (1) injunctive relief barring defendant from pursuing any arbitration against them, and (2) a declaratory judgment that they have not agreed to arbitrate with defendant and are not bound to arbitrate with defendant. On March 8, 2005, the Court endorsed plaintiffs' application for an order to show cause why the preliminary injunction and the declaratory judgment should not be granted. Following oral argument on April 12, 2005, the Court ordered that defendant was preliminarily enjoined from asserting in the arbitration proceeding that the arbitration panel has the power to determine whether plaintiffs must arbitrate defendant's demands.

Defendant submitted the instant motion to dismiss along with its opposition to the order to show cause.[1] Defendant's arguments in support of its motion to dismiss are essentially identical to those it advanced in opposition to plaintiffs' request for a preliminary injunction.[2] In

---

[1] Pursuant to a Court approved stipulation, the parties briefed defendant's motion to dismiss and plaintiffs' application for an order to show cause concurrently.

[2] In the Order, the Court did not address defendant's reliance upon Contec Corporation v. Remote Solution Co., Ltd., 398 F.3d 205 (2d Cir. 2005), because it was raised for the first time in defendant's reply papers. Defendant cites Contec for the proposition that the Court should defer to the arbitration panel on the issue of arbitrability. (See Defendant's Reply Memorandum of Law In Further Support Of Its Motion To Dismiss The Complaint Or, In the Alternative, To Stay This Action In Favor Of A Pending Arbitration at 5.) Despite defendant's arguments to the contrary, the reasoning in Contec is inapposite here because the Second Circuit placed considerable emphasis upon the fact that the party attempting to avoid arbitration was a signatory to the agreement containing the arbitration provision. See Contec, 398 F.3d at 211 ("In this case, . . . the party seeking to avoid arbitration was a signatory to the arbitration agreement. Although the [Federal Circuit] found this distinction irrelevant, . . .we find it an important indicator of [the signatory's] expectation and intent when binding itself to the [arbitration agreement].") (citing Motorola Credit Corp. v. Uzan, 388 F.3d 39, 52 (2d Cir. 2004)). The instant case is clearly

2

fact, defendant requested that the Court, when deciding plaintiffs' request, refer to defendant's memorandum of law in support of its motion to dismiss to the extent its arguments were not reproduced in its response to the order to show cause. (See Defendant's Response To Order To Show Cause at 1-2.)

Therefore, the Court fully considered and rejected defendant's present arguments before granting plaintiffs' application for a preliminary injunction. (See Order at 4-12.) Accordingly, defendant's motion to dismiss is DENIED. Moreover, defendant's request for a stay of this action, which was presumably designed to require plaintiffs to appear before the arbitration panel, has been rendered moot by the issuance of the preliminary injunction prohibiting defendant from asserting in the arbitration proceeding that the arbitration panel has the power to determine whether plaintiffs must arbitrate defendant's demands.

**SO ORDERED.**

New York, New York
April **25**, 2005

                                                                                               _____
                                                                                                                   U.S.D.J.

Copies of this Memorandum Order have been sent to:

Stanley McDermott III, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Attorneys for Plaintiffs

Felix Weinacht, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Attorneys for Defendant

---

distinguishable, however, as it concerns a signatory attempting to enforce an arbitration provision against a non-signatory.